DOC NO
REC'D/FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

PETER OPPENEER
CLERK US DIST COURT
WD OF WI

| | |
|---|---|
| UNITED STATES OF AMERICA | INFORMATION |
| v. | Case No. 18 CR 96 WMC |
| MICHAEL C. DEEDON, | 18 U.S.C. § 1014 |
| Defendant. | |

THE UNITED STATES ATTORNEY CHARGES:

COUNT 1

1.  At times material to this information:

    (a)  Peoples State Bank, located in Wausau, Wisconsin, was a financial institution as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation.

    (b)  WI Rapids Grain, LLC (WI Rapids Grain), a Wisconsin limited liability company, was a United States Department of Agriculture (USDA) licensed grain storage facility with its principle place of business located at 3737 North 6th Street, Wausau, Wisconsin. Wausau is in the Western District of Wisconsin.

    (c)  The defendant, MICHAEL C. DEEDON, was WI Rapids Grain's chief financial officer. In this role, DEEDON was responsible for the company's accounting functions, including the preparation of WI Rapids Grain's financial statements.

    (d)  The United States Warehouse Act, Title 7, United States Code, Section 241 (et seq.)(hereinafter "USWA"), and its regulations provided for the licensing of warehouses and warehouse operators for the storage of agriculture products, including corn

and soybeans. The USWA authorized the Secretary of the Department of Agriculture to license public warehousemen in the business of storing agricultural products. The USWA is considered a "permissive regulatory act," permissive because it applies to warehousemen who voluntarily apply, and regulatory because licensees must operate under its provisions and are subject to its regulations. The USWA also authorized the Secretary to license qualified persons to sample, inspect, weigh, and grade agricultural products.

(e) The USWA regulations required each licensed warehouse operator to have warehouse receipts on hand for issuance to depositors. The USWA required the issuance of warehouse receipts for all eligible products stored in the warehouse. Title 7, Code of Federal Regulations, Section 735.302 "Paper Warehouse Receipts" required that paper warehouse receipts must be issued as follows:

i. on distinctive paper specified by the Deputy Administrator of Commodity Operations;

ii. printed by a printer authorized by the Deputy Administrator of Commodity Operations; and

iii. issued, identified, and maintained in a consecutive order.

(f) Peoples State Bank had a lending relationship with WI Rapids Grain commencing in approximately November 2008 and ending in approximately August 2013. The lending relationship included lines of credit (hereinafter "LOC") advanced to WI Rapids Grain, which were secured according to the terms of the several "Revolving and Term Credit Agreements" and the "Loan Agreement" in effect at various times from 2008 through 2013 that included security specified in several selective or general business

security agreements, including what was defined in the agreements as Purchase Contracts, grain owned by WI Rapids Grain and federal warehouse receipts.

(g) Pursuant to the terms of the several LOC agreements, Peoples State Bank required WI Rapids Grain to regularly submit interim financial statements and an annual statement prepared by an outside accounting firm and prepared in accordance with generally accepted principles of accounting standards.

(h) During the period beginning on or about September 29, 2009, to on or about August 6, 2013, in the Western District of Wisconsin, Doug Weinkauf (hereinafter "Weinkauf"), WI Rapids Grain's manager not charged as a defendant here, printed documents labeled as WI Rapids Grain, LLC, "Federal Warehouse Grain Warehouse Keeper" or simply "Warehouse Keeper" receipts. These receipts did not conform with the USDA "Paper Warehouse Receipts" requirements at 7 CFR § 735.302 and thus were not official USDA warehouse receipts (hereinafter "non-USDA warehouse receipts").

(i) Weinkauf regularly provided non-USDA warehouse receipts, along with "collateral register" forms, to obtain funds from Peoples State Bank, as well as conceal an ongoing deficit in corn and soybean reserves at WI Rapids Grain. Weinkauf and the WI Rapids Grain owners knew these non-USDA warehouse receipts were submitted to Peoples State Bank as part of the security for WI Rapids Grain's LOC.

(j) Weinkauf and the WI Rapids Grain owners knew WI Rapids Grain did not have sufficient corn or soybean reserves to act as collateral for the non-USDA warehouse receipts submitted to Peoples State Bank.

(k) DEEDON prepared and submitted a 2012 year-end financial statement for WI Rapids Grain financial on or about May 1, 2013 to Peoples State Bank, as required by the loan agreement, which overstated the amount of corn and soybeans owned by WI Rapids Grain. DEEDON intentionally misrepresented WI Rapids Grain's inventory values in the financial statement he prepared and submitted on or about May 1, 2013.

(l) In reliance on the defendant's 2012 year-end financial statement, People's State Bank continued its lending relationship with WI Rapids Grain.

2. On or about May 1, 2013, in the Western District of Wisconsin, the defendant, MICHAEL C. DEEDON, knowingly made false statements for the purpose of influencing Peoples State Bank, upon submitting 2012 year-end financial statements for WI Rapids Grain, in that the defendant falsely overstated WI Rapids Grain's company owned inventory and investment in grain for 2012, when in fact, the defendant knew WI Rapids Grain's inventory levels were much lower than reported.

(All in violation of Title 18, United States Code, Section 1014).

6-22-18
Date

SCOTT C. BLADER
United States Attorney